SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY J. PARKER, Cal. Bar No. 155377
WHITNEY JONES ROY, Cal. Bar No. 211541
ANGELA REID, Cal. Bar No. 323057
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
jparker@sheppardmullin.com
wroy@sheppardmullin.com
AReid@sheppardmullin.com

Attorneys for Defendant
EXXONMOBIL OIL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COLLECTIVE, LLC, a Delaware Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXXONMOBIL OIL CORPORATION, a New York Corporation, formerly known as Mobil Oil Corporation; and DOES 1-100, inclusive,<br><br>　　　　Defendant. | Case No. 2:20-CV-3887<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)**<br><br>Los Angeles County Superior Court Case No. 20STCV13294 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND ITS ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant ExxonMobil Oil Corporation, a New York Corporation ("Defendant" or "ExxonMobil"), hereby removes the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## JURISDICTIONAL STATEMENT

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### I. COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On April 3, 2020, Plaintiff Pacific Collective, LLC ("Plaintiff") filed a complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles entitled: *Pacific Collective, LLC v. ExxonMobil Oil Corporation*, Case No. 20STCV13294 ("Action"). True and correct copies of the Complaint, Civil Case Cover Sheet, and Summons are attached hereto as **Exhibit A**. The Complaint alleges three causes of action: (1) Breach of Written Contract.; (2) Special Performance; and (3) "Declaratory Relief, with Request for Temporary, Preliminary and Injunctive Relief." The Complaint alleges all three causes of action against Defendant and Does 1-100, and seeks damages in excess of $7,950,000, plus attorneys' fees and costs.

2.     Defendant received a copy of the Complaint via email sent by Plaintiff's counsel on April 6, 2020, at 6:08 p.m. (Declaration of Jeffrey Parker ("Parker Decl."), ¶ 3.)

3.     Defendant was officially served with the Complaint on April 8, 2020. A true and correct copy of the Notice of Acknowledgement and Receipt is attached hereto as **Exhibit B.**

4.     Defendant's removal is timely because it was filed within 30 days after Defendant received a copy of Plaintiff's Complaint containing its request for damages in excess of $7,950,000, plus attorneys' fees and costs, from which Defendant ascertained that the case is one which is removable. *See* 28 U.S.C. § 1446(b).

5.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written Notice of Removal of this Action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles.

6.     The jurisdiction of the United States District Court for the Central District of California includes Los Angeles County. Therefore, the Court is a proper venue for this Action under 28 U.S.C. §§ 84(c) and 1441(a).

7.     Plaintiff is, and was at the commencement of the state court action, a Delaware limited liability company, registered to conduct business in the state of California. (Complaint, ¶ 3.) Defendant is informed and believes that Plaintiff's principle place of business is in the state of California.

8.     Defendant is, and was at the commencement of the state court action, a corporation formed under the laws of New York with its principle place of business in Texas. (Complaint, ¶ 4; Parker Decl., ¶ 4, Exh. 1.)

## II.  STATEMENT OF THE GROUNDS FOR REMOVAL

### A.  *There Is Complete Diversity Between Defendant and Plaintiff*

9. Defendant removes this case under 28 U.S.C. § 1441.  Removal is proper because, as alleged in more detail below:  (1) there is complete diversity between Defendant and Plaintiff; (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest; and (3) Defendant is timely removing the case within 30 days of its receipt of a copy of Plaintiff's Complaint.

10. Defendant is, and was at the commencement of the state court action, a corporation formed under the laws of New York with its principle place of business in Irving, Texas, and its mailing address as 5959 Las Colinas Boulevard, Irving, Texas 75039.  (Complaint, ¶ 4; Parker Decl., ¶ 4, Exh. 1.)  Defendant's corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Irving, Texas.  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus, Defendant is, and was at the commencement of the state court action and at the time of removal, a resident and citizen of the States of New York and Texas for purposes of federal diversity of citizenship jurisdiction.

11. Plaintiff is, and was at the commencement of the state court Action and at the time of removal, a Delaware limited liability company, registered to conduct business in the State of California. (Complaint, ¶ 3.)  The Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id*.; *see also Handelsman v. Bedford Village Assocs., Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000) (recognizing that "a limited liability company has the

citizenship of its membership"). Plaintiff's current Statement of Information on file with the California Secretary of State indicates that Plaintiff's only two members, Rahul Paliwal and David Yanko, have addresses in Santa Monica, California. Plaintiff's California Statement of Information filed April 3, 2015, and Statement of No Change filed on April 1, 2019, are attached hereto as **Exhibit C**. Therefore, upon information and belief, Defendant alleges that Plaintiff is a citizen of California for purposes of diversity jurisdiction. There is no indication that Plaintiff is or was a citizen of New York or Texas, the only fact that would destroy diversity of citizenship in this case.

12. Plaintiff's naming of 100 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441(a)).

13. Disregarding all the "Doe" defendants, the only defendant is ExxonMobil. Thus, complete diversity exists between Defendant and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332(d).

**B.**   *The Amount In Controversy Requirement Is Met and Removal is Timely*

14. The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.*

15. Here, the Complaint, a copy of which Plaintiff's counsel e-mailed to Defendant on April 6, 2020, at 6:08 p.m, seeks damages in excess of $7,950,000 plus attorneys' fees and costs. Plaintiff's Complaint demonstrates that the amount in controversy in this action exceeds $75,000.

16. This removal is timely, as it is being filed within 30 days of Defendant's receipt of a copy of Plaintiff's initial Complaint. (Parker Decl., ¶ 3.)

17. This removal is timely, also because it is being filed within 30 days of Defendant's Notice of Acknowledgement and Receipt of the Complaint.

18. Based on the foregoing, diversity of citizenship, the amount in controversy, and timeliness of removal are all established.

19. Copies of all other documents that have been filed in the state court action are attached hereto as **Exhibit D**.

**WHEREFORE**, Defendant prays that the state court action now pending against it in the Superior Court for the State of California for the County of Los Angeles, be removed to this United States District Court for the Central District of California.

Dated: April 28, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JEFFREY J. PARKER
WHITNEY JONES ROY
ANGELA REID
Attorneys for Defendant
EXXONMOBIL OIL CORPORATION